## Load Rite Trailers Inc. v. Sutherland

C.P. of Bucks County, no. 07-08137-24-5.

*Joseph Caprara,* for appellee.
*Robert C. Nagle,* for appellant.

HECKLER, *J.,* January 7, 2009—On February 13, 2008, a hearing was held before the undersigned upon plaintiff Load Rite Trailers Inc.'s petition for preliminary injunction to restrain alleged ongoing competing business activities by appellant and former Load Rite employee Robert H. Sutherland. On April 25, 2008, the undersigned entered an order granting a preliminary injunction precluding Sutherland from soliciting, communicating or engaging in business dealings with all customers or former customers of Load Rite Trailers Inc., located in the states of New Jersey and New York. Our order further

barred Sutherland from engaging in any business competitive with that of Load Rite Trailers in New Jersey and New York. Our order directed that these prohibitions remain in effect until June 1, 2009, at which time they would terminate.

Appellant Sutherland filed a timely appeal from the said order. Thereafter appellant also filed a motion for clarification of our April 25, 2008 order and plaintiff Load Rite filed a motion for a contempt hearing. On June 26, 2008, the undersigned entered an order denying appellant's motion for clarification. Plaintiff's motion for contempt has not been praeciped forward and no hearing has been held thereon. We offer the following opinion in response to respondent Sutherland's appeal.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Defendant has submitted the following statement of matters complained of on appeal:

(1) Sutherland has appealed this court's April 25, 2008 order enjoining Sutherland from soliciting, communicating with, or having business dealings with current or former customers of Load Rite Trailers Inc. in New York and New Jersey.

(2) The order was entered after a hearing on Load Rite's petition for preliminary injunction, which petition sought to enforce a restrictive covenant in Sutherland's employment agreement with Load Rite.

(3) Sutherland's employment agreement with Load Rite only prohibited him competing with Load Rite's business of selling *boat trailers*.

(4) As written, the order prohibits Sutherland from engaging in "solicitation, communication or business dealings with all customers or former customers of Load Rite Trailers Inc. located in the states of New Jersey and New York . . . ."

(5) The foregoing restraints are beyond the scope of the restrictive covenant in Sutherland's employment agreement.

(6) Specifically, the order as written appears to prohibit Sutherland from selling boats to Load Rite's current or former customers in New York and New Jersey.

(7) Sutherland has appealed the order because it exceeds the scope of the restrictive covenant in Sutherland's employment agreement. Further, a restriction of Sutherland's ability to sell *boats* to current or former Load Rite customers in New York and New Jersey will create a hardship on Sutherland's ability to earn a living and provide for his family.

(8) Sutherland has also filed a motion for clarification of the order, which motion asks that the court clarify the scope of this order.

## DISCUSSION

In essence, appellant complains that the language of our order has the effect of prohibiting him from selling boats to former Load Rite boat *trailer* customers within the states of New York and New Jersey. As to the factual underpinnings of this dispute, we incorporate herein our decision and order of April 25, 2008. For the convenience of the court above it is attached hereto as appendix 1. *[Order not attached—Ed.]*

At the hearing held before the undersigned it was undisputed that appellant had for one selling season directly competed with appellee by acting as a sales representative for Venture Trailers Inc. Appellant worked as a sales representative for Venture, selling their boat trailers to the same marinas and boat dealers with whom he had previously dealt as a Load Rite employee. As we noted in our findings, appellant was not merely a former employee of appellee Load Rite. The employment relationship was formed after appellant sold his own boat trailer manufacturing and sales business (Five Star Trailer Company) to Load Rite in 1998 for in excess of $900,000. The contract governing that transaction, which was received as exhibit P-1, provided inter alia that one of the things appellant was selling to Load Rite was the "good will and going concern value" of Five Star.

The testimony heard by the undersigned underscored that appellant has vast knowledge in the field of boat trailers. Moreover, he is both personable and capable and has established a network of relationships with dealers who have sold his own and subsequently plaintiff's products as a result of appellee's efforts for more than a decade. It was undisputed that at least one New Jersey business—Cody Marine—had been doing business with both Venture and Load Rite before appellant left Load Rite. Thereafter, the owner advised Load Rite representatives that he would not be dealing with them further because "we're doing business with Bob," referring to appellant Robert Sutherland. N.T., 2/13/08, p. 103.

Another feature of the selling of boats and boat trailers not apparent to the uninitiated is that the transaction in which the consumer acquires a boat generally involves

acquisition of a suitable trailer (one which will fit the boat) which has already been selected by the dealer. N.T., 2/13/08, p. 106. Moreover, appellant testified that, although he had begun representing certain boat and water scooter manufacturers, the entirety of his income after leaving Load Rite, as of the date of the hearing, had been derived from commissions for selling Venture trailers. N.T., 2/13/08, p. 148. Accordingly, we perceive that even if appellant were to establish business relationships enabling him to sell boats to former Load Rite customers, expecting that such interaction would not result in the sale of Venture or some other brand of boat trailer as a part of the transaction would be naive.

Finally, we note that the non-compete and non-disclosure agreement executed by appellant on April 26, 2005, includes the following language: "in the event that his/her employment terminates for any reason, for a *two*-year period, the employee will not, directly or indirectly, . . . call on, solicit, take away or cause the loss of clients of Load Rite . . . ." Exhibit P-4, paragraph 3.

We also note that the asset purchase agreement (exhibit P-1) also specifically precluded appellant from competing with appellee. In this regard we note that our order did not require that appellant terminate his relationship with Venture Trailers Inc.—only that he refrain from participating in their sale in New York and New Jersey until June of 2009.

Appellee is entitled, in the view of the undersigned, to prevent appellant from competing with it in the territory to which he had been assigned before his departure from employment—the states of New York and New

Jersey. Moreover, appellee is entitled to the good will which it bought when it acquired Five Star from appellant and is entitled to preclude appellant from engaging in activities which would diminish the value of that good will. See *Felt v. Hope,* 416 Pa. 118, 206 A.2d 621 (1964). Accordingly, we perceive that our April 25, 2008 order was sufficiently narrow as to protect the legal rights of the appellee without unduly burdening appellant's ability to provide for his family. Given appellant's undisputed violation of his obligations not to compete with the corporate entity to which he had sold his boat trailer manufacturing business and by whom he was employed until June of 2007, we perceive that the relief granted was the least which would vindicate appellee's contractual rights.

"Normally, appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. A final decree in equity will not be disturbed on appeal unless it is unsupported by the evidence or (is) demonstrably capricious. . . . Facts found by the chancellor, when supported by competent evidence in the record, are binding. However, no such deference is mandated for conclusions of law, and [the court above is] at liberty to review such conclusions." *Barthelmes v. Keith,* 732 A.2d 644, 646 (Pa. Super. 1999) (citing *Kepple v. Fairman Drilling Co.,* 532 Pa. 304, 312, 615 A.2d 1298, 1302 (1992)). In the instant case, appellant does not appear to advance any authority for the proposition that this court misperceived or misapplied the law. The particular scope of the prohibition against competition would appear to fall within the discretion of the court and for the reasons stated

above, we believe that the record amply supports our findings. For the foregoing reasons, we believe the appeal in this matter to be without merit.